DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which, following a sexual offender classification hearing, determined appellant, George Spaulding, to be a sexual predator. This court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT HAD NO JURISDICTION AND WAS WITHOUT AUTHORITY TO ADJUDICATE DEFENDANT-APPELLANT A SEXUAL PREDATOR AND REQUIRE HIM TO REGISTER AS SUCH."
The following facts are relevant to this appeal. On October 15, 1984, in the Wood County Court of Common Pleas, appellant pled guilty to a charge of abduction in violation of R.C. 2905.02, and to a charge of gross sexual imposition in violation of R.C. 2907.05(A)(3). Appellant was sentenced to eight to ten years on the charge of abduction and four to ten years on the charge of gross sexual imposition. The sentence on the charge of gross sexual imposition was to be served concurrently with the sentence on the charge of abduction and concurrently with a sentence of ten to twenty-four years imposed by the Hancock County Court of Common Pleas on an unrelated rape charge.
On December 21, 2000, a sexual offender classification hearing was held. In a January 3, 2001 judgment entry, the trial court found appellant to be a sexual predator. A notice of appeal was timely filed.
In his assignment of error, appellant argues that the trial court had no jurisdiction to adjudicate him a sexual predator because he has completed the sentence imposed by the Wood County Court of Common Pleas and is now serving a sentence imposed by the Hancock County Court of Common Pleas. Appellant argues that only the Hancock County Court of Common Pleas has jurisdiction to determine his sexual predator status. This court finds no merit in this assignment of error.
This argument was raised in State v. Pryor (July 27, 2000), Franklin App. No. 99AP-1218, unreported, and State v. Jackson (Aug. 3, 2000), Franklin App. No. 99AP-1212, unreported, and rejected by the Tenth Appellate District. This court agrees with the reasoning of that court in concluding that R.C. 2950.09 grants jurisdiction to adjudicate sexual predator status to any court which has sentenced the defendant for a sexually oriented offense.
Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J.
 Richard W. Knepper, J., Mark L. Pietrykowski, P.J. CONCUR.